Sucrs. de A. Mayol & Cía., S. en C., demandante y apelante, *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado.

No. 6904.—*Sometido:* Marzo 4, 1935. *Resuelto:* Marzo 27, 1935.

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Sucrs. de A. Mayol & Cía., inició un pleito sobre devolución de contribuciones pagadas bajo protesta. El pleito fué incoado el 16 de febrero de 1925 y se dictó sentencia en su contra el 23 de febrero de 1926. La demandante apeló y solicitó varias prórrogas. La última de éstas fué concedida el 14 de octubre de 1927 y desde entonces no se han solicitado nuevas prórrogas.

El 5 de noviembre de 1934 la demandante solicitó y obtuvo el legajo de la sentencia en la corte inferior y archivó dichos autos en el Tribunal Supremo de Puerto Rico el 17 de diciembre de 1934. Entonces el Tesorero solicitó la desestimación del recurso por dos fundamentos: primero, porque no existe toda la documentación necesaria; y, segundo, en efecto, porque la apelante había permitido que transcurrieran ocho años sin elevar el récord a este tribunal.

El apelado sostiene que de conformidad con alguna jurisprudencia anterior de esta corte, era posible elevar el legajo de la sentencia sin la transcripción de evidencia, pero que la Ley No. 81 de 1919 (pág. 675) modificó esto e hizo necesario que todo el récord de la corte inferior fuese elevado a este tribunal. Somos de opinión que la ley de 1919 no privó a un apelante del derecho a revisar meras cuestiones de ley, tal cual éstas aparecen del legajo de la sentencia, y que pueden ser resueltas independientemente de la prueba aducida durante el juicio.

La apelante en contestación al segundo fundamento del apelado alega que al tiempo de radicarse la moción para desestimar ya los autos se hallaban ante este tribunal, citando el artículo 58 de nuestro reglamento. El artículo 58 fué adoptado para cubrir casos en que la parte apelante dentro de un tiempo razonable archivaba los autos ante este tribunal. Resolvimos que como no había envuelta cuestión de jurisdicción esta corte podía permitir lo que podía considerarse como una demora razonable. La apelante insiste en que la demora habida en la corte inferior fué más aparente que real; que

ella hizo todo esfuerzo posible para obtener la transcripción de la evidencia y aun le pagó al taquígrafo ochenta dólares, y que cuando se convenció de que no podía obtener dicha transcripción de evidencia, resolvió revisar simplemente las cuestiones de derecho ante este tribunal. No estamos absolutamente seguros de que dentro de los ocho años transcurridos la apelante no pudo obtener la transcripción de la evidencia. Decidimos que la Regla 58 no cubre los hechos del caso que tenemos ante nos.

■ Por la analogía que pueda tener, véase la regla 59 de este tribunal, como sigue:

"Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este Tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

Igualmente podríamos dudar, sin resolverlo, si el derecho a abandonar la transcripción de la evidencia puede ser ejercitado en cualquier momento a opción de la parte apelante y si al abandonar tal transcripción no debe exigírsele más diligencia que la desplegada en el presente caso.

Según indica el apelado, en la corte inferior no se trató de substituir al demandado Gallardo, Tesorero de Puerto Rico, con su sucesor en el cargo. Técnicamente, el caso está sujeto a ser desestimado por este motivo.

*Dada la falta de diligencia en el caso nos sentimos obligados á desestimar el recurso y así lo ordenamos.*